STATE OF NORTH CAROLINA v. DON ORLANDO LATTIMORE

No. 414A83

(Filed 2 February 1984)

1. **Criminal Law § 138— attempted robbery with a firearm—aggravating factor that defendant induced others to participate supported by evidence**

The evidence in a prosecution for second degree murder and robbery with a firearm amply supported the aggravating factor that defendant induced another to participate in the attempted armed robbery or that defendant occupied a position of leadership. G.S. 15A-1340.4(a)(1)(a). The fact that the State accepted the other person's plea to accessory after the fact should not exclude this factor from consideration since it is the role of defendant in inducing others to participate or in assuming a position of leadership and not the role of the "participant" that is emphasized by this aggravating factor.

2. **Criminal Law § 138— attempted robbery with a firearm—aggravating factor of pecuniary gain improperly considered**

In a prosecution for robbery with a firearm and second degree murder, the trial court erred in finding in aggravation that the offense was committed for pecuniary gain since there was no evidence that the defendant was paid or hired to commit the offense.

3. **Criminal Law § 138— attempted armed robbery—aggravating factor that victim killed improperly considered**

In a prosecution for attempted robbery with a firearm and second degree murder, the trial court erred in considering as an aggravating factor for the attempted robbery with a firearm conviction that the victim of the armed robbery was killed. G.S. 15A-1340.4(a)(1)(o).

**4. Criminal Law § 138— failure to find voluntary acknowledgment of wrongdoing as mitigating factor—error**

Upon request, the trial judge erred in failing to find as a factor in mitigation that prior to his arrest or at an early stage of the criminal process, defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer. G.S. 15A-1340.4(a)(2)(l).

**5. Criminal Law § 138— aggravating factor of pecuniary gain improperly found**

In a sentencing hearing on a second degree murder conviction, the trial judge erred in finding as an aggravating factor that the offense was committed for pecuniary gain since there was no evidence that defendant was hired or paid.

**6. Criminal Law § 138— aggravating factor of use of deadly weapon improperly considered**

In sentencing upon a conviction of second degree murder, the trial judge erred in finding as an aggravating factor that the defendant used a deadly weapon at the time of the crime since when the facts justify an inference of malice arising only from the use of a deadly weapon, evidence concerning the use of that deadly weapon may not be used to support an aggravating factor at sentencing.

**7. Criminal Law § 138— aggravating factor that presumptive sentence fails to do justice to seriousness of crime improperly considered**

The trial judge erred in finding as an aggravating factor, upon conviction of second degree murder, that the presumptive sentence "does not do substantial justice to the seriousness of the crime" since the seriousness of the crime was fully considered by the legislature in establishing the presumptive sentence.

**8. Criminal Law § 134.4— failure to consider youthful offender statute error**

In prosecutions for attempted robbery with a firearm and second degree murder, the trial judge erred in failing to follow the mandate of G.S. 15A-1340.4(a) by failing to either sentence the defendant as a committed youthful offender or make a "no benefit" finding.

BEFORE *Freeman, Judge,* at the 7 March 1983 Criminal Session of Superior Court, ROWAN County, following pleas of guilty, defendant was sentenced to forty years imprisonment for attempted robbery with a firearm at the expiration of which he was to serve a life sentence for second degree murder. Since both sentences exceed the presumptive term for the offenses, defendant appeals from the life sentence pursuant to N.C. Rules of Appellate Procedure 4(d), as authorized by G.S. § 15A-1444(a1) and (d) (Cum. Supp. 1981). Motion to bypass the Court of Appeals on the attempted robbery conviction was allowed 15 August 1983. Heard in the Supreme Court 7 November 1983.

By his own testimony, the defendant admitted entering the Pantry Convenience Store shortly before midnight on 2 June 1982. He picked up a bag of potato chips and gave the clerk, Marlene McNeely, a ten dollar bill. As Ms. McNeely opened the cash register, the defendant pointed a gun at her and said "this is a stickup." The victim told the defendant to leave. Defendant fired the gun at the floor. Ms. McNeely then appeared to reach down under the counter. The defendant shot her in the face. She died before reaching the hospital. Defendant's transportation to and from the scene of the crime was provided by Jeffrey McNeair. Defendant, in his first statement to law enforcement authorities, implicated McNeair in the planning and execution of the robbery. At trial, defendant testified that McNeair neither planned nor participated in the offenses; that McNeair dropped the defendant off in front of the Pantry and then left to visit a friend; that defendant was able to flag down McNeair some distance from the Pantry after the robbery; and that McNeair then assisted defendant in his escape. McNeair's statement to the police corroborated the defendant's trial testimony in most of the essential details, although he indicated that he knew, prior to dropping defendant off at the Pantry, that defendant intended to commit an armed robbery.

*Rufus L. Edmisten, Attorney General, by Evelyn M. Coman and Charles M. Hensey, Assistant Attorneys General, for the State.*

*Adam Stein, Appellate Defender, by Malcolm Ray Hunter, Jr., Assistant Appellate Defender, for defendant.*

FRYE, Justice.

Defendant brings forward numerous assignments of error, most of which have merit and entitle defendant to a new sentencing hearing. Pursuant to our recommendation in *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983), the trial judge made separate findings regarding aggravating and mitigating circumstances for each offense. We will therefore discuss defendant's assignments of error separately as they relate to each offense.

## I. ATTEMPTED ROBBERY WITH A FIREARM

As statutory aggravating factors the trial judge found that:

1. The defendant induced others to participate in the commission of the offense or occupied a position of leadership or dominance of other participants.

2. The offense was committed for pecuniary gain.

As additional written findings of factors in aggravation, the trial judge found that:

The victim of the attempted armed robbery was killed and the defendant has a substantial criminal history of a serious nature.

The trial judge found no factors in mitigation.

[1] Defendant contends that the trial court erred in aggravating his sentence for attempted armed robbery "on the ground that the defendant induced others to participate in the attempted robbery or occupied a position of leadership or dominance of other participants because the evidence showed that the defendant was the only participant in the attempted robbery." We disagree. Although co-defendant Jeff McNeair pleaded guilty only to accessory after the fact to robbery, the evidence at the sentencing hearing, including McNeair's statement to police, supports this finding in aggravation.

McNeair stated that he spent the evening prior to the attempted robbery playing basketball with the defendant. On the way home the defendant told McNeair that "he needed some money before he went to Court, that he needed to hit something, which means to rob something, break into something." As they passed the Pantry, the defendant indicated that it "ought to be an easy one to rob." McNeair drove past the Pantry at defendant's request because "there were three or four cars there." He turned his car around and let the defendant out in front of the Pantry and then left to visit a friend. McNeair saw the defendant conceal a gun "in the front left side of his pants" as he walked in front of the car. McNeair's friend was not at home and as he passed by the railroad tracks near the Pantry, he heard the defendant call out to him. Learning that the defendant had attempted to rob the Pantry and had shot the clerk, McNeair nevertheless aided the defendant in his escape. This evidence is clearly sufficient to support a finding that defendant induced McNeair to participate in

the attempted robbery or that defendant occupied a position of leadership. G.S. § 15A-1340.4(a)(1)(a).

Defendant contends, however, that by accepting McNeair's plea to accessory after the fact, the State conceded that McNeair "was not involved in the actual commission of the offenses and was not aware of the commission of the crimes until after they had occurred." Defendant's contention places the emphasis on the wrong party. The focus of G.S. § 15A-1340.4(a)(1)(a) is not on the role of the "participants" in the crime, but on the role of the defendant in inducing others to participate or in assuming a position of leadership. Here the evidence fully supports the trial court's finding that defendant occupied a position of leadership which resulted in McNeair's involvement in the crimes. This assignment of error is overruled.

[2] Defendant next contends that the trial judge erred in finding in aggravation that the offense was committed for pecuniary gain. We agree. It is well-settled law now that, under the Fair Sentencing Act, in order to find this factor in aggravation, there must be evidence that the defendant was paid or hired to commit the offense. *State v. Abdullah*, 309 N.C. 63, 306 S.E. 2d 100 (1983). *See State v. Benbow*, 309 N.C. 538, 308 S.E. 2d 647 (1983); *State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983); *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983).

[3] Finally, defendant assigns as error the additional finding in aggravation that the victim of the attempted armed robbery was killed. We agree.

G.S. § 15A-1340.4(a)(1)(o) specifically prohibits, as an aggravating factor, the use of convictions for offenses "joinable, under G.S. Chapter 15A, with the crime or crimes for which the defendant is currently being sentenced." To permit the trial judge to find as a non-statutory aggravating factor that the defendant *committed* the joinable offense would virtually eviscerate the purpose and policy of the statutory prohibition.

[4] Defendant requested that the trial judge find as a factor in mitigation that prior to arrest or at an early stage of the criminal process, he voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer. G.S. § 15A-1340.4 (a)(2)(l). Defendant is entitled to this finding upon resentencing.

Defendant, in his first statement, admitted that he entered the Pantry with the intent to rob it and that he shot the clerk, although he also maintained that he did so at the insistence of McNeair and that the shooting was accidental. As we recently stated in *State v. Graham*, 309 N.C. 587, 591, 308 S.E. 2d 311 (1983):

> Although a trial judge may be required, under the circumstances set forth above, to find in mitigation that a defendant voluntarily acknowledged wrongdoing in connection with the offense, the *weight* to be given to that factor remains within his sound discretion.

## II. SECOND DEGREE MURDER

In support of a sentence in excess of the presumptive sentence for this offense, the trial judge found in aggravation that:

1. The offense was committed for pecuniary gain.

2. The defendant was armed with or used a deadly weapon at the time of the crime.

As additional factors in aggravation, the trial judge found that:

(a) The offense was committed during the course of an armed robbery and the defendant has a substantial criminal history of a serious nature.

(b) The presumptive sentence does not do substantial justice to the seriousness of the crime.

[5]  We agree with defendant that, in the absence of evidence that defendant was hired or paid, the trial judge erred in finding as an aggravating factor that this offense was committed for pecuniary gain. *State v. Abdullah*, 309 N.C. 63, 306 S.E. 2d 100 (1983).

[6]  Likewise, the trial judge erred in finding, as an aggravating factor, that the defendant used a deadly weapon at the time of the crime. In *State v. Blackwelder*, 309 N.C. 410, 306 S.E. 2d 783 (1983), we adopted a *per se* rule that when the facts justify an inference of malice arising only from the use of a deadly weapon, evidence concerning the use of that deadly weapon may not be

used to support an aggravating factor at sentencing. The rule is applicable to both convictions or pleas in first or second degree murder cases where malice is an essential element. *Id.; See State v. Taylor,* 309 N.C. 570, 308 S.E. 2d 302 (1983).

With respect to the additional aggravating factor that the murder was committed during the course of an armed robbery, we adopt the reasoning and holding as discussed in Part I of this opinion and therefore find error. Logic dictates that G.S. § 15A-1340.4(a)(1)(o) prohibits the trial court from finding in aggravation that defendant committed a joinable offense.

[7] The trial judge also erred in finding as an additional aggravating factor that the presumptive sentence "does not do substantial justice to the seriousness of the crime." We have held that the seriousness of a crime was fully considered by the legislature in establishing the presumptive sentence. *State v. Blackwelder,* 309 N.C. 410, 306 S.E. 2d 783; *State v. Chatman,* 308 N.C. 169, 301 S.E. 2d 71 (1983).

Finally, based on his statement to law enforcement officers prior to his arrest, defendant is entitled to a finding in mitigation that he voluntarily acknowledged wrongdoing in connection with the offense of second degree murder. *State v. Graham,* 309 N.C. 587, 308 S.E. 2d 311 (1983).

### III. COMMITTED YOUTHFUL OFFENDER STATUS

[8] Defendant contends that he is entitled to a new sentencing hearing for both offenses because he was nineteen years old at the time of his convictions and "the court failed to sentence the defendant as a committed youthful offender or find on the record that he would not benefit from such a commitment."

G.S. § 15A-1340.4(a) provides in pertinent part that:

If the convicted felon is under 21 years of age at the time of conviction and the sentencing judge elects to impose an active prison term, the judge must either sentence the felon as a committed youthful offender in accordance with Article 3B of Chapter 148 of the General Statutes and subject to the limit on the prison term provided by G.S. 148-49.14, or make a "no benefit" finding as provided by G.S. 148-49.14 and impose a regular prison term.

State ex rel. Utilities Comm. v. Virginia Elec. and Power Co.

We find nothing on the record to indicate compliance with this mandate. The trial court erred in failing to make a "no benefit" finding and for this reason, and for those enunciated above, the cases must be remanded for resentencing. *State v. Bracey*, 303 N.C. 112, 277 S.E. 2d 390 (1981); *State v. Rupard*, 299 N.C. 515, 263 S.E. 2d 554 (1980).

Case No. 82-CRS-6833 remanded for resentencing.

Case No. 82-CRS-6834 remanded for resentencing.