STATE OF NORTH CAROLINA v. JAMES LEROY PAYNE

No. 600A83

(Filed 5 June 1984)

1. **Criminal Law § 138— aggravating circumstance that murder especially heinous, atrocious, or cruel—supported by evidence**

   In a prosecution for murder, the aggravating circumstance that the murder was especially heinous, atrocious, or cruel was supported by the evidence where the evidence tended to show that the victim was brutally beaten, kicked and "body slammed" into the floor; his injuries were extensive and he suffered continuous and extreme pain as a result; the brutality of the beating inflicted upon the victim by the defendant and his co-defendants was reflected in the physical pain that the victim endured during the two and one-half months prior to his death. G.S. 15A-1340.4(a)(1)f.

2. **Criminal Law § 138— aggravating circumstance that defendant induced others to participate in the robbery and conspiracy—supported by evidence**

   The evidence supported the aggravating circumstance that defendant induced others to participate in a robbery and conspiracy where the evidence tended to show that defendant conceded that it was his idea to rob the victim, and that he did grab the victim first; two of defendant's co-conspirators corroborated defendant's testimony; it was the defendant who focused on the victim as a target; and the evidence disclosed that defendant assumed a position of leadership during the course of the robbery as well as later when the money was distributed. G.S. 15A-1340.4(a)(1)a.

APPEAL by defendant from *Collier, J.,* at the 29 August 1983 Criminal Session of Superior Court, SURRY County. Following pleas of guilty to charges of common law robbery, conspiracy to commit common law robbery, and second degree murder, defendant was sentenced to a term of life imprisonment for second degree murder and to two consecutive ten year terms of imprisonment on the charges of robbery and conspiracy. He appeals as of right on the life sentence for second degree murder pursuant to Rule 4(d) of the N. C. Rules of Appellate Procedure. We allowed defendant's Motion to Bypass the Court of Appeals on the robbery and conspiracy convictions on 2 February 1984. Heard in the Supreme Court 10 May 1984.

By this appeal defendant challenges, under the Fair Sentencing Act, the trial court's finding of two aggravating factors: that the offense was especially heinous, atrocious, or cruel, G.S. § 15A-1340.4(a)(1)f; and that the defendant induced others to participate in the commission of the offense or occupied a position of

leadership or dominance of other participants. G.S. § 15A-1340.4 (a)(1)a. We find no error.

*Rufus L. Edmisten, Attorney General, by Evelyn M. Coman, Assistant Attorney General, for the State.*

*Stephen G. Royster, Attorney for defendant-appellant.*

MEYER, Justice.

Evidence at the sentencing hearing tended to show that on 30 September 1982 Santford Rucker, Andre McLeod, James Shuff and the defendant entered D'Amico's Grocery located on N.C. 103 near the Flatrock Community of Surry County. The defendant held the victim, sixty-eight year old Tullio D'Amico, while Rucker attempted to take the victim's wallet, and Shuff took money from the cash register. The defendant, with the assistance of McLeod, beat and kicked Mr. D'Amico. The defendant later divided the money, giving approximately $90.00 to McLeod and Shuff and, without the knowledge of McLeod or Shuff, keeping approximately $555.00 for himself and a similar amount for Rucker. According to both Rucker and McLeod, it was defendant's idea to rob Mr. D'Amico.

Dr. Scharyj, the examining pathologist, testified that following the victim's death on 14 December 1982, he performed an autopsy. It was Dr. Scharyj's opinion that the victim had died as a result of complications connected directly to the trauma from injuries he suffered from the beating. These injuries included fractured ribs, a fractured sternum, a broken leg (requiring amputation prior to death), injury to the gallbladder (requiring removal prior to death), and damage to the liver. There was testimony that the victim suffered considerable pain, particularly due to the injuries to his chest.

Defendant's grandmother testified that the defendant's parents lived somewhere in New York; that defendant had lived with her since he was approximately eleven years old; and that defendant had helped her care for her son who was blind. She further testified that she traded at D'Amico's Grocery and that Mr. D'Amico had recently given her five dollars to give to the defendant to buy cigarettes and drinks while defendant was incarcerated on unrelated burglary and attempted rape charges.

Based on this evidence, the trial judge found no mitigating factors. On each of his convictions for second degree murder, robbery and conspiracy, the trial judge found in aggravation that the victim was very old; that defendant committed the offense while on pretrial release; and that defendant has a prior conviction or convictions. Defendant does not assign error to these findings. Additionally, the trial judge found as a factor in aggravation that the second degree murder was especially heinous, atrocious, or cruel; and that, with respect to the robbery and conspiracy, the defendant induced others to participate in the commission of these offenses. These findings form the basis of defendant's appeal.

[1] On the first issue, whether the murder of Mr. D'Amico was especially heinous, atrocious, or cruel, defendant seems to argue that the victim's suffering was as much due to his pre-existing health problems as due to the injuries he suffered from the beating; that unlike *State v. Blackwelder*, 309 N.C. 410, 306 S.E. 2d 783 (1983), there was no mutilation; and that defendant did not intend to inflict blows sufficient to cause the victim's death. We do not find defendant's arguments persuasive.

The evidence amply supports a finding that the murder of Mr. D'Amico involved excessive brutality and physical pain not normally found in every murder. *See State v. Blackwelder*, 309 N.C. 410, 306 S.E. 2d 783. Distinguishing this murder was the fact that the victim was brutally beaten, kicked and "body slammed" into the floor. His injuries were extensive and he suffered continuous and extreme pain as a result. *See State v. Benbow*, 309 N.C. 538, 308 S.E. 2d 647 (1983). Death was not immediate. *See id.* The brutality of the beating inflicted upon Mr. D'Amico by the defendant and his co-defendants is reflected in the physical pain that he endured during the two and one-half months prior to his death. This further supports the finding that the murder was especially heinous, atrocious, or cruel. This assignment of error is overruled.

[2] Defendant next contends that the evidence does not support a finding that he induced others to participate in the robbery and conspiracy. Defendant concedes that it was his idea to rob Mr. D'Amico, and that he "did grab Mr. D'Amico first." Both Rucker and McLeod so testified. Thus, it was the defendant who focused

on the victim as a target. A close reading of the evidence discloses that he assumed a position of leadership during the course of the robbery as well as later when the money was distributed. This evidence fully supports the trial court's finding that defendant induced the others to participate or occupied a position of leadership.[1] *See State v. Lattimore,* 310 N.C. 295, 311 S.E. 2d 876 (1984).

No error.

_____

   1. Defendant cites this Court to *State v. Ahearn,* 307 N.C. 584, 300 S.E. 2d 689 (1983), which suggested that where factors are listed in the disjunctive, trial judges should eliminate those portions inapplicable to the particular case. He argues that the trial judge erred in failing to indicate whether the defendant induced others to participate or occupied a position of leadership. We do not consider the trial judge's oversight significant in that the evidence would support both aspects of this factor.