STATE OF NORTH CAROLINA v. TONY GINOR SAMPSON

No. 8413SC361

(Filed 5 February 1985)

**1. Criminal Law § 138— sentencing—evidence of mitigating factors insufficient**

    Evidence in a second degree murder case was insufficient to require the trial court to find as mitigating factors that defendant committed the offenses under duress or under strong provocation, that defendant acknowledged wrongdoing at an early stage of the criminal process, or that defendant was suffering from a mental condition or from limited mental capacity which significantly reduced his culpability for the murders. G.S. 15A-1340.4(a)(2)d, e, i & l.

**2. Criminal Law § 138— sentencing—victims held under water until drowned—aggravating circumstance of heinous or cruel crimes**

    Evidence in a second degree murder case was sufficient for the trial court to find as an aggravating circumstance that the crimes were especially heinous, atrocious or cruel where it tended to show that the victims were held under water by defendant until they drowned.

**3. Criminal Law § 138— sentencing—young victims—same factor not used for two aggravating circumstances**

    There was no merit to defendant's contention that the trial court used the same evidence to find two aggravating factors in violation of G.S. 15A-1340.4(a)(1)p, where the court found as an aggravating factor that both victims were very young, but the court did not use the factor of age in determining that the crimes were especially heinous, atrocious or cruel.

**4. Criminal Law § 138— sentencing—crime committed during flight—aggravating circumstance**

    The trial court did not err in finding as an aggravating factor in each of two murder cases that the crime was committed while in flight following the kidnapping of the victim, since this factor was reasonably related to the sentence imposed.

APPEAL by defendant from *Hobgood (Robert H.), Judge.* Judgment entered 21 February 1983 in Superior Court, BLADEN County. Heard in the Court of Appeals on 9 January 1985.

The defendant, Tony Ginor Sampson, pled guilty to the felonious larceny of an automobile, the kidnapping of Regina R. Robinson, age three, and April Devone, age two, and the second-degree murders of Regina R. Robinson and April Devone. All of these crimes occurred 12 April 1982.

At the sentencing hearing the mother of the victims, Retha Mae Devone, testified that she lived with the defendant for fourteen months. While she lived with the defendant, he helped care for the children and was "good to the children." She testified that the children referred to the defendant as "daddy." S.B.I. Special Agent Michael Lowder testified that on 12 April 1982 he interviewed the defendant. Agent Lowder testified that the defendant said he took the children because Ricky Devone had returned to his wife, Retha Mae Devone, and the defendant did not want Ricky raising the children because the defendant believed Ricky Devone was a drug addict. The defendant stated he drove the children down a logging road until the car got stuck. The defendant told Lowder that he then walked down the road leaving the children behind in the car. When he returned to the car the children were not there. He said he walked into the woods where he found the children lying face down in water. He then dug a shallow grave and buried them. Sometime during the investigation the defendant was asked ". . . if he thought the children would drown by themselves?" The defendant answered, "No, that there is not enough water in the hole."

The defendant participated in the search on 12 and 13 April 1982, and he led the searchers to a shallow grave which contained the bodies of the victims.

Dr. John D. Butts and Dr. Thomas L. Bennett performed autopsies on the victims. The reports revealed the following infor-

mation. Concerning April Devone, the probable cause of death is "asphyxiation secondary to drowning." She was two years old and weighed 22 pounds. Her mouth, pharynx, larynx and stomach all contained plant material. The hands clutched plant material. There were abrasions on the neck, ear and forehead. Plant material was found in the lungs.

The probable cause of Regina Robinson's death was drowning. She was three years old and weighed 35 pounds. Water and plant debris were found in the airways and stomach. There were some minor abrasions.

At the sentencing hearing, Dan Jordan, a psychologist, testified that he examined the defendant on 28 July 1982. Mr. Jordan concluded the defendant had no psychosis or serious mental disorder, but that he had "borderline mental retardation and an overlay of reactive depression" along with a significant personality disorder. Mr. Jordan testified that the defendant's personality disorder rendered him very "fragile" in the face of stressful events such as the return of his girlfriend to her husband.

For each murder the trial court found three factors in aggravation of punishment and two factors in mitigation. The court determined the factors in aggravation outweighed the factors in mitigation.

For the murders the defendant was sentenced to two consecutive fifty-year prison terms. For the kidnapping the defendant was sentenced to two consecutive twelve-year terms. For the felonious larceny he received a three-year sentence to run concurrently with one of the kidnapping sentences. The defendant appeals only the sentences for the Second-Degree murders.

*Attorney General Rufus L. Edmisten by Assistant Attorney General David Roy Blackwell for the State.*

*Moore, Melvin and Wall by David G. Wall and Hill and Womble, P.A., by H. Goldston Womble, Jr., for defendant appellant.*

WEBB, Judge.

[1] The defendant first assigns error to the trial court's failure to find certain mitigating factors.

He argues that the court should have found, under G.S. 15A-1340.4(a)(2)b, that the defendant committed the offenses under duress, coercion, threat, or compulsion which was insufficient to constitute a defense but significantly reduced his culpability. He also argues that the court should have found, under G.S. 15A-1340.4(a)(2)i, that the defendant acted under strong provocation, or the relationship between the defendant and the victim was otherwise extenuating. The gist of the defendant's argument is that the record shows he loved the victims and acted out of a sincere desire to help them. Assuming for the sake of argument the truth of these contentions, they bear no relationship to the mitigating factors listed above.

He next argues that the court should have found as a mitigating factor that "[p]rior to the arrest or at an early stage of the criminal process, the Defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer." G.S. 15A-1340.4(a)(2)l. There is no evidence which would support such a mitigating factor. The defendant voluntarily acknowledged that he kidnapped the children, but he did not admit to the murders. He stated that he found the children dead in the swamp and he buried them. He also stated that he thought the children would not drown by themselves because there was "not enough water in the hole." None of this is evidence of admission of wrongdoing in connection with the murders.

The final arguments under the first assignment of error concern G.S. 15A-1340.4(a)(2)d and e. The defendant argues the court should have found that he was suffering from a mental condition and from limited mental capacity both of which significantly reduced his culpability for the murders.

The trial judge must find a mitigating factor where " 'the evidence so clearly establishes the fact in issue that no reasonable inference to the contrary can be drawn,' and that the credibility of the evidence is 'manifest as a matter of law' " (citations omitted) *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983).

We believe Mr. Jordan's testimony allows inferences that neither the defendant's mental condition nor his mental capacity significantly reduced his culpability for the murders.

On direct examination of Mr. Jordan, the defendant's attorney asked, "Were you able to diagnose whether he [defendant]

had any mental . . . disorder as a result of your tests offered to him?" Jordan replied,

> It depends upon—oftentimes mental disorder means different things to different people. And in the sense that anything was evident in the testing would not indicate any psychosis or any serious mental disorder, but he did have a significant personality disorder, along with borderline mental retardation and an overlay of reactive depression.

While the defendant may have a personality disorder, somewhat limited mental capacity and an "overlay of reactive depression," Mr. Jordan, both in the above quote and elsewhere in his testimony, said that there was no psychosis or serious mental disorder. When asked whether he had an opinion as to whether the defendant's limited mental capacity would have had a significant bearing on the commissions of the crimes, Mr. Jordan concluded, "I would not make it one of the greater [factors] . . ." While there may be sufficient evidence so that the trial court could have found the existence of those mitigating factors, we do not believe that the evidence so clearly establishes the fact in issue that no reasonable inference to the contrary can be found; thus, we cannot say that the trial court erred in failing to find these mitigating factors.

[2] In his second assignment of error the defendant argues there was not sufficient evidence for the Court to find certain aggravating factors. He first argues that there was not sufficient evidence that the crimes were especially heinous, atrocious, or cruel. The evidence was that both the victims died from drowning. The defendant told an officer "there is not enough water in the hole" for either of them to have drowned by themselves. It may be concluded from this that each of the children was held under water by the defendant until they drowned. This conclusion may be supported by the evidence that the children were clutching plant material and that plant material was found in the airways and stomachs of both. We hold that this evidence supports a finding that the murders were accomplished with more brutality or dehumanizing aspects than are normally present in second degree murder. *See State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983).

[3] The defendant also argues that the Court used the same evidence to find two aggravating factors in violation of G.S. 15A-1340.4(a)(1)p. The Court found as an aggravating factor that both the victims were very young. The defendant argues that the Court used this evidence to find the crimes were especially heinous, atrocious or cruel. The children's age was not necessary as evidence to prove their deaths were especially heinous, atrocious or cruel.

[4] The defendant next argues that the Court erred in finding as an aggravating factor in each of the murder cases that the "crime was committed while in flight following the kidnapping of this victim." The defendant argues that this aggravating factor is not reasonably related to the purpose of sentencing and that it violates G.S. 15A-1340.4(a)(1)o by finding as a factor a crime which was joinable with the crime for which he was being sentenced. *See State v. Lattimore*, 310 N.C. 295, 311 S.E. 2d 876 (1984). We believe this is a factor which is reasonably related to the sentence imposed. We think it aggravates a crime that it was committed to facilitate escape from another crime. We do not believe it violates the rule of *Lattimore* to use this as a factor. It was not the other crime of kidnapping which was used as a factor but the killing while escaping from the kidnapping.

Affirmed.

Judges EAGLES and COZORT concur.