STATE OF NORTH CAROLINA v. THOMAS ALBERT TAYLOR

No. 8420SC482

(Filed 16 April 1985)

**Criminal Law § 138— joinable offense as aggravating factor**

In sentencing defendant for the murder of his sister-in-law, the trial court erred in finding as an aggravating factor that the murder "was a course of conduct in which defendant committed an act of violence against another person," *i.e.*, the murder of his wife, because the wife's murder was joinable with the crime for which defendant was being sentenced. G.S. 15A-1340.4(a)(1)(o).

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 6 January 1984 in Superior Court, ANSON County. Heard in the Court of Appeals 5 February 1985.

The facts involved in this case are undisputed. Defendant met his estranged wife at a diner. They discussed the payment of automobile insurance, and defendant's wife told defendant to bring her the premium notice and the money to pay the premium. Defendant went home, picked up his mail, and brought it to his wife at her sister's house. Not finding the insurance notice, she threw the mail back through the window of defendant's truck. Defendant went home again, found the insurance notice, and brought it to his wife. When defendant got out of the truck, his wife picked up a loaded pistol that was sitting in the front seat. Defendant grabbed the pistol, shot his wife, followed her into the house, shot his sister-in-law twice, and shot his wife again. Later defendant voluntarily confessed to both homicides.

Defendant was indicted for first degree murder and pled guilty to second degree murder of his wife and sister-in-law. At his first sentencing hearing he was sentenced to the presumptive term, fifteen years, for the murder of his wife, and he received a sentence of life imprisonment for the murder of his sister-in-law. Defendant appealed from the verdict and judgment imposing the life sentence. Our Supreme Court, in *State v. Taylor,* 309 N.C. 570, 308 S.E. 2d 302 (1983), held that to find as an aggravating factor that defendant was armed with or used a deadly weapon at the time of the crime was, under *State v. Blackwelder,* 309 N.C. 410, 306 S.E. 2d 783 (1983), improper because it was the use of evidence necessary to prove an element of the offense to prove an

aggravating factor. The case was remanded for a new sentencing hearing.

On resentencing the trial judge found the following aggravating factors:

> The murder was a course of conduct in which the defendant committed an act of violence against another person.

> The defendant's ability to exercise judgment is impaired under stress such that he has a tendency to react impulsively and violently and needs restraining to protect the public.

The trial judge found the following factors in mitigation:

> The defendant has no record of criminal convictions.

> The defendant was suffering from a mental or physical condition that was insufficient to constitute a defense but significantly reduced his culpability for the offense; to wit: chronic brain syndrome.

> Prior to arrest or at an early stage of the criminal process, the defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer.

The court found the aggravating factors outweighed the mitigating factors and imposed a sentence of fifty years.

*Attorney General Edmisten by Assistant Attorney General Thomas J. Ziko for the State.*

*Taylor and Bower by H. P. Taylor, Jr., and George C. Bower, Jr., for defendant appellant.*

PARKER, Judge.

Defendant assigns as error the finding in aggravation that "[T]he murder was a course of conduct in which defendant committed an act of violence against another person."

General Statute 15A-1340.4(a)(1)(o) prohibits, as an aggravating factor, convictions for offenses "joinable, under G.S. Chapter 15A, with the crime or crimes for which the defendant is currently being sentenced." This prohibits the trial judge from considering that defendant committed the joinable offense as an

aggravating factor. *State v. Lattimore*, 310 N.C. 295, 311 S.E. 2d 876 (1984); *State v. Puckett*, 66 N.C. App. 600, 312 S.E. 2d 207 (1984); *State v. Winnex*, 66 N.C. App. 280, 311 S.E. 2d 594 (1984).

In *State v. Lattimore, supra,* the defendant pled guilty to attempted robbery with a firearm and second degree murder. Both sentences exceeded the presumptive term, and defendant appealed his life sentence for second degree murder pursuant to G.S. 15A-1444(a1). Defendant assigned as error the trial court's finding in aggravation that the victim of the attempted armed robbery was killed. Our Supreme Court agreed, holding that to permit the trial judge to find, as an aggravating factor, that defendant had committed the joinable offense would "virtually eviscerate the purpose and policy of the statutory prohibition." *State v. Lattimore*, 310 N.C. at 299, 311 S.E. 2d at 879. Similarly, in the instant case, the "act of violence against another person," i.e., the murder of defendant's wife, cannot be considered an aggravating factor in sentencing defendant for the murder of his sister-in-law. For this reason we remand the case for resentencing.

Defendant brings forward several other assignments of error which are either without merit or relate to clerical errors which are not likely to reoccur on resentencing.

The weighing of aggravating and mitigating factors is within the sound discretion of the trial judge. *State v. Davis*, 58 N.C. App. 330, 293 S.E. 2d 658, *review denied*, 306 N.C. 745, 295 S.E. 2d 482 (1982). In the instant case, however, where an aggravating factor was incorrect, the trial judge could not have properly balanced the aggravating and mitigating factors, and the case must be remanded for resentencing. *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983).

Vacated and remanded for resentencing.

Judges ARNOLD and EAGLES concur.