State v. Wright

STATE OF NORTH CAROLINA v. MAXWELL AVERY WRIGHT

No. 405A86

(Filed 4 March 1987)

1. **Criminal Law § 138.29— second degree murder—handcuffing as aggravating factor—sufficient evidence**

The trial court's finding as an aggravating factor for second degree murder that the victim was handcuffed with her hands behind her back when she was stabbed was supported by the evidence, notwithstanding the victim's body was found with the handcuffs only on her left wrist and with cuts on her right wrist, where both defendant in his statement to the police and a State's witness in her testimony clearly stated that defendant handcuffed the victim's hands behind her back when he abducted her from a parking lot; defendant made no mention in his account of subsequent events of releasing the victim's right hand before he killed her; there was no testimony that the cuts on the victim's wrists were defensive wounds; and as far as can be determined from the record, the cuts could have been acquired while the victim was still handcuffed.

2. **Criminal Law § 138.28— handcuffing of victim—element of kidnapping—use as aggravating factor for second degree murder**

The court's finding as an aggravating factor for second degree murder that the victim was handcuffed with her hands behind her back at the time she was stabbed was not improper on the ground that it was based upon evidence necessary to prove the restraint element of first degree kidnapping, for which defendant was contemporaneously convicted, since the evidence of the handcuffing was not necessary to prove the first degree kidnapping because all of the elements of that crime were present when the victim and another woman were removed from a parking lot by the use of a knife, and although defendant may have kept the knife concealed after handcuffing the victim, the women's fear of the knife rather than defendant's use of the handcuffs remained the compelling force behind their continued acquiescence in defendant's orders. Even if the fact that defendant handcuffed the victim was necessary to prove an element of first degree kidnapping, the finding of such an aggravating factor for second degree murder was not error since (1) the exclusion of N.C.G.S. 15A-1340.4(a)(1)(o) applies only to the use of prior convictions that could have been joined with the conviction for which defendant is being sentenced and not to the use of a fact needed to prove an element of a contemporaneous conviction; (2) the decision of *State v. Westmoreland*, 314 N.C. 442, 334 S.E. 2d 223, prohibits the use of a defendant's contemporaneous conviction of a joined offense, and the offense of kidnapping itself was not used as an aggravating factor in this case; and (3) the prohibition of N.C.G.S. 15A-1340.4(a)(1) against using the same evidence to prove both an element of the offense and a factor in aggravation does not extend to using evidence necessary to prove an element of a joined or joinable offense for which defendant was convicted.

APPEAL by defendant pursuant to N.C.R. App. P. 4(d) and N.C.G.S. § 15A-1444(a1) (1983) from a sentence of life imprisonment imposed by *Battle, J.,* on 10 February 1986, upon a plea of guilty to second-degree murder. Heard in the Supreme Court 11 February 1987.

*Lacy H. Thornburg, Attorney General, by Steven F. Bryant, Assistant Attorney General for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Robin E. Hudson, Assistant Appellate Defender, for defendant-appellant.*

FRYE, Justice.

Defendant contends that the trial court improperly aggravated his sentence for second-degree murder by finding an aggravating factor that was not supported by the evidence and that was necessary to prove an element of a joined offense. We disagree and find no error in defendant's sentencing.

On the evening of 24 August 1985, Sharon Lynn Stewart and her roommate, Carla Hammett, went to a movie in downtown Chapel Hill. As they were returning to Ms. Stewart's car, which was parked in the Morehead Planetarium parking lot, Ms. Hammett noticed someone following them. This person grabbed Ms. Stewart as she reached the car and told the two women not to scream and to get in the car. They did as he directed. Ms. Hammett then saw that the man had a knife. She described the knife as being about five or six inches long. The man told them to drive to the parking lot of Swain Hall. There he handcuffed Ms. Stewart's hands behind her back, took both young women's purses, forced Ms. Stewart out of the car, and told Ms. Hammett to drive around the block and then return for her friend. Ms. Hammett left and sought help.

The authorities were unable to discover any clue to Ms. Stewart's whereabouts, until her purse was found in a truck in Tennessee reportedly stolen by defendant. Traces of blood were found on the driver's side of the truck. Upon return to Orange County, defendant agreed to take the authorities to Ms. Stewart in return for the promise of the district attorney Carl Fox not to try him for first-degree murder. Defendant accordingly took the police to a landfill in Guilford County where they found Ms.

Stewart's body in a barrel that was, along with other construction debris, apparently going to be covered over with dirt by a bulldozer in a matter of days. Ms. Stewart's panties were missing, and her clothes were pulled partly off her left shoulder. It is unclear from the record whether her clothing could have been pulled off her shoulder when she was crammed into the barrel or whether someone necessarily pulled it down. The handcuffs were attached by one bracelet to her left wrist. She had four cuts on her right wrist. There was no testimony as to the nature of these cuts. The pathologist testified that Ms. Stewart had received several stab and cutting wounds "on the front of the chest and on the back of the chest, on the neck, and on the head." She had also received head injuries from blunt trauma. The autopsy disclosed no evidence of a sexual assault.

Defendant gave the officers a statement in which he admitted that he had killed Ms. Stewart. He described abducting both young women at knifepoint, handcuffing Ms. Stewart's hands behind her back, and releasing Ms. Hammett. According to his statement, he then drove Ms. Stewart in the truck out of Chapel Hill. She began to struggle as they left the town, and he stabbed her. He took her body out of the cab, rolled it in a piece of carpet, and placed it in the truck bed. He then looked for a place to leave it and found the landfill where the body was discovered. He placed the body in the barrel.

Ms. Hammett was unable to positively identify defendant as her assailant.

Defendant was indicted on charges of second-degree kidnapping of Ms. Hammett, first-degree kidnapping of Ms. Stewart, two counts of armed robbery, attempted first-degree rape, and second-degree murder. Battle, J., held a competency hearing on 10 February 1986. Upon being found competent, defendant pled guilty to all charges. Following a hearing to determine the existence of a factual basis for the pleas and a sentencing hearing, Judge Battle accepted the pleas and sentenced defendant. He imposed the presumptive sentences for all but the second-degree murder (fourteen years each for the armed robberies, six years for the attempted first-degree rape, nine years for the second-degree kidnapping, and twelve years for the first-degree kidnapping). For the murder, he found five mitigating factors and one non-statu-

tory aggravating factor, that the victim was handcuffed with her hands behind her back when she was stabbed. Judge Battle then found that the aggravating factor outweighed the factors in mitigation and sentenced defendant to life imprisonment. He directed that defendant's sentences be served consecutively.

Defendant appealed his life sentence to this Court. His motion to bypass the Court of Appeals on his other cases was allowed by this Court on 23 July 1986. However, since the record discloses that he entered unconditional pleas of guilty and received the presumptive sentences in these other cases, he has no right to appellate review of them. *See* N.C.G.S. § 15A-1444(a1) (1983). Defendant also petitioned this Court for a writ of certiorari to review the factual basis for his plea of guilty of attempted first-degree rape. This Court denied the petition on 18 November 1986. Accordingly, the only matters properly before this Court are those relating to his life sentence for second-degree murder. Concerning this sentence, defendant contends only that the trial judge erred in finding the non-statutory aggravating factor, thus allowing him to give defendant a sentence in excess of the presumptive term. Defendant gives two reasons.

[1] First, he argues that the aggravating factor is not supported by the evidence. His argument is based upon the fact that Ms. Stewart's body was found with the handcuffs only on her left wrist and cuts on her right wrist. Defendant argues that the presence of the cuts prove that Ms. Stewart's right wrist was free when she was stabbed. He further contends that the lack of any handcuff on her right wrist supports this conclusion.

We find no merit in this argument. Both defendant in his statement to the police and Ms. Hammett in her testimony clearly stated that defendant handcuffed Ms. Stewart's hands behind her back in the parking lot at Swain Hall. Defendant made no mention in his account of subsequent events of releasing Ms. Stewart's right hand before he killed her. There was no testimony that the cuts on her wrist were "defensive-type" wounds; as far as can be determined from the record, the cuts could have been acquired while Ms. Stewart was still handcuffed. The mere fact that handcuffs were found on Ms. Stewart's left wrist and not on her right does not necessarily indicate that defendant released her right hand before he killed her.

[2] Second, defendant argues that the factor was improperly found because it was based upon evidence necessary to prove the first-degree kidnapping, specifically, the element of restraint. We also find no merit in this contention, for two reasons.

First, we do not agree with defendant that the evidence that Ms. Stewart was handcuffed was necessary to prove the unlawful restraint and removal element of first-degree kidnapping as specified in the indictment in this case. *See* N.C.G.S. § 14-39 (1986). To prove this element, the State offered evidence that defendant forced Ms. Stewart without her consent to get in her car, take him and Ms. Hammett to the parking lot at Swain Hall, and get out of the car and into the truck defendant was driving. Defendant initially used a knife to force Ms. Stewart and Ms. Hammett to obey him. He argues that when he put the handcuffs on Ms. Stewart, he ceased using the knife to force her continued compliance and substituted the handcuffs in the knife's place. Defendant's argument is without merit. All of the elements of first-degree kidnapping were present when the women were removed from the Morehead Planetarium parking lot by the use of the knife. *See* N.C.G.S. § 14-39 (1986). Furthermore, it is clear from the record that although defendant may have kept the knife concealed after handcuffing Ms. Stewart, the young women's fear of the knife rather than the defendant's use of the handcuffs remained the compelling force behind their continued acquiescence in his orders.[1] The evidence of the handcuffing was not necessary to prove the first-degree kidnapping and therefore it was not error to use the handcuffing in aggravation of the murder conviction.

Second, even assuming, *arguendo*, that the fact that defendant handcuffed Ms. Stewart was necessary to prove an element of the first-degree kidnapping, we still find no error.

Defendant relies in part upon N.C.G.S. § 15A-1340.4(a)(1)(o) (1983), which requires the trial judge to consider as an aggravating factor in sentencing defendant any prior convictions

---

1. At oral argument, defendant appeared to argue that all three got out of Ms. Stewart's car in the parking lot at Swain Hall, that defendant placed the handcuffs on Ms. Stewart while they were out of the car, and that only then was defendant able to force the two women back into the car. However, the record clearly shows that defendant handcuffed Ms. Stewart while all three were in the car.

punishable by more than sixty days' confinement but specifically excepts "any crime that is joinable . . . with the crime or crimes for which the defendant is currently being sentenced." Defendant's reliance is misplaced. The exclusion found in N.C.G.S. § 15A-1340.4(a)(1)(o) applies only to the use of *prior* convictions that *could have been* joined with the conviction for which defendant is being sentenced. *State v. Westmoreland*, 314 N.C. 442, 449, 334 S.E. 2d 223, 227-28 (1985). It does not apply to the use of a fact needed to prove an element of a *contemporaneous* conviction. *See State v. Toomer*, 311 N.C. 183, 191-94, 316 S.E. 2d 66, 71-72 (1984).

Defendant also relies on this Court's decision in *State v. Westmoreland*, 314 N.C. 442, 334 S.E. 2d 223. This reliance is also misplaced. In *Westmoreland*, the Court reaffirmed, on different grounds, the rule set forth in *State v. Lattimore*, 310 N.C. 295, 311 S.E. 2d 876 (1984), that the trial judge may not use as an aggravating factor a defendant's contemporaneous conviction of a joined offense.[2] In the instant case, the trial judge did not use the fact that defendant kidnapped Ms. Stewart to aggravate his sentence for second-degree murder; he used the fact that her hands were handcuffed behind her back when she was stabbed. Although under proper circumstances, this fact could be used to prove the restraint element in a kidnapping, a finding of this fact is not the equivalent of a finding that a defendant committed a kidnapping (such as the contemporaneous conviction at issue in the instant case).

Continuing our assumption, *arguendo*, that the handcuffing was necessary to prove the restraint element of the kidnapping, we believe that the rule in *Westmoreland* and *Lattimore* would control in the instant case only if the prohibition in N.C.G.S. § 15A-1340.4(a)(1) (1983), against using the same evidence to prove both an element of the offense and a factor in aggravation, also extends to using evidence necessary to prove an element of a joined or joinable offense for which defendant was convicted. We have already decided that question in the negative.

2. *Lattimore* relied upon the same exclusion found in N.C.G.S. § 15A-1340.4 (a)(1)(o) that defendant relied upon here. *Lattimore*, 310 N.C. 295, 311 S.E. 2d 876. In *Westmoreland*, the Court concluded that this reliance was misplaced because this section applies to *prior*, not *contemporaneous* convictions, but held that the rule was nevertheless correct. *Westmoreland*, 314 N.C. 442, 449, 334 S.E. 2d 223, 227-28.

In *State v. Toomer*, 311 N.C. 183, 316 S.E. 2d 66, the defendant was convicted of first-degree burglary, first-degree sexual offense, and common law robbery. Relying on *Lattimore*, he argued that the trial judge improperly found as an aggravating factor in sentencing him for the burglary the fact that he was armed or used a deadly weapon at the time of the breaking and entering, because evidence of the use of a deadly weapon was necessary to prove an essential element of the first-degree sexual offense. This Court rejected defendant's argument and held that, since the possession of a weapon was not necessary to prove an essential element of the burglary itself, there was no error. *Id.* at 191-94, 316 S.E. 2d at 71-72. In the instant case, the fact that the victim's hands were handcuffed behind her back was not necessary to prove any element of the second-degree murder. Therefore, even if defendant's contention that the handcuffing was necessary to prove an element of the first-degree kidnapping was correct, there would still be no error. *See id.; see also State v. Coleman*, 80 N.C. App. 271, 341 S.E. 2d 750, *cert. denied*, 318 N.C. 285, 347 S.E. 2d 466 (1986).

For all the reasons stated above, we find no error in defendant's sentence for second-degree murder.

At oral argument, defendant orally requested this Court to reconsider its denial of defendant's petition for certiorari to review the factual basis for defendant's plea of guilty of attempted first-degree rape. This motion is denied.

No error.