STATE OF NORTH CAROLINA v. ALTON GORDON SMITH

No. 8416SC699

(Filed 19 March 1985)

**Criminal Law § 138— resentencing hearing—aggravating factors supported by original trial—law of the case**

Evidence did not have to be presented at a resentencing hearing to support the trial court's findings of certain aggravating factors where evidence at the original trial amply supported such findings, since a court can take judicial notice of its own proceedings and records in the same case. Moreover, the existence of these factors was judicially established by an appeal of the case and became a part of the law of the case.

APPEAL by defendant from *Barnette, Judge.* Judgment entered 29 May 1984 in Superior Court, ROBESON County. Heard in the Court of Appeals 14 February 1985.

*Attorney General Edmisten, by Assistant Attorney General David E. Broome, Jr., for the State.*

*Regan and Regan, by Cabell J. Regan, for defendant appellant.*

PHILLIPS, Judge.

This case has been here before. *State v. Smith,* 66 N.C. App. 570, 312 S.E. 2d 222, *disc. rev. denied,* 310 N.C. 747, 315 S.E. 2d 708 (1984). That appeal resulted in defendant's convictions being affirmed and the case being remanded to the Superior Court for resentencing. The crimes defendant was convicted of were aiding and abetting felonious breaking or entering, and aiding and abetting felonious larceny, both of which are Class H felonies with a presumptive term of three years and a maximum term of ten years. Following the trial Judge Herring found three factors in aggravation, found no mitigating factors, and imposed a ten-year prison sentence on the first count and a consecutive term of five years on the second. Resentencing was ordered by this Court because one of the three aggravating factors found by the court, that the offense was committed for hire or pecuniary gain, had no support in the evidence. Defendant's contention on appeal that another aggravating factor found by the court—that defendant had a prior conviction or convictions for criminal offenses

punishable by more than 60 days confinement — had no evidentiary support was overruled, but the validity of the other aggravating factor found by the trial judge — that defendant induced others to participate in the commission of the offense or occupied a position of leadership or dominance of other participants — and the court's failure to find any factors in mitigation were not contested in that appeal. Upon the return of the case to the Superior Court Judge Barnette resentenced defendant to ten years on the first count and three years consecutively on the second. Before doing so he found no factors in mitigation and found the same *matters* in aggravation that Judge Herring did, except for the pecuniary gain finding which was not made, but the factors found were numbered differently than before because the sentencing form has been changed. On the new sentencing form the prior convictions factor is as it was before, but the phrase about defendant inducing "others to participate" is a separate factor and so is the phrase about defendant occupying a "position of leadership or dominance." Thus, the matters involved constituted three factors this time, whereas before they constituted only two.

On this appeal defendant contends that he is entitled to be resentenced again because the sentence imposed on the first count exceeded the presumptive term and none of the aggravating factors that the court found are supported by evidence, as G.S. 15A-1340.4(a), (b) requires. In support thereof defendant points to the recorded fact that at the resentencing hearing no witnesses testified, no exhibits were introduced, and defendant expressly refused to stipulate to any facts whatever. Even so, we are of the opinion that the aggravating factors that the court found have all the support that the law requires. It is not the law that facts essential to a judgment can only be established by the testimony of witnesses, by exhibits introduced into evidence, or by a stipulation of the parties; they can also be established by judicial notice and by operation of law. When the case was tried, as the opinion in the prior appeal shows, there was abundant evidence that defendant induced another to participate in these crimes and occupied a position of leadership in regard to them and had two prior convictions for criminal offenses that were punishable by more than sixty days confinement. Evidence as to these matters did not have to be presented again, since a court can take judicial notice of its own proceedings and records in the

same case. 1 Brandis N.C. Evidence § 13 (2d rev. ed. 1982). Furthermore, the existence of these factors was judicially established by the previous appeal and became a part of the law of the case. 1 Strong's N.C. Index 3d, *Appeal and Error* § 68 (1976). We note that though the judge did not deem it necessary to receive evidence as to defendant's criminal record and part in the crimes committed, he recognized defendant's right to present evidence, but the invitation was declined.

The defendant's other contention, that the court erred in finding an aggravating factor not found at the first hearing, is likewise without merit. Though the factors are numbered differently, nothing in the transcript suggests that the resentencing judge believed or thought that an aggravating factor was being found that had not been found at the first hearing; the record clearly indicates that his intention was to find the same factors, and only those factors, that had been upheld on the first appeal. In effect, that is what was done and we do not perceive how the defendant could possibly have been prejudiced thereby. Furthermore, the restriction on resentencing is not against finding new factors in aggravation, but on imposing a more severe sentence than before, G.S. 15A-1335, and the sentence imposed was less than before.

Affirmed.

Judges WEBB and MARTIN concur.