STATE OF NORTH CAROLINA v. DANNY FRANKLIN WILLIAMS

No. 848SC969

(Filed 7 May 1985)

1. Criminal Law § 138— statement in prior appellate decision—basis for aggravating factor

　　A statement in a decision of the Supreme Court on defendant's prior appeal that a burglary victim was eighty-one years old was a sufficient basis for the trial court at a resentencing hearing to find that the victim of the crime was very old. G.S. 15A-1340.4(a).

2. Criminal Law § 138— advanced age—aggravating factor for burglary

　　It was proper for the trial court to conclude that the victim's advanced age (81) made her more vulnerable than most women to defendant's forcible and felonious invasion of her home and therefore was an aggravating factor for the crime of burglary. G.S. 15A-1340.4(a)(1)(j).

APPEAL by defendant from *Lewis, John B., Jr., Judge.* Judgment entered 31 May 1984 in Superior Court, LENOIR County. Heard in the Court of Appeals 2 April 1985.

Defendant was convicted of first degree rape and first degree burglary. A life sentence was imposed on the rape conviction and a forty year consecutive term imposed for the burglary conviction. In a prior appeal both convictions were affirmed. *State v. Williams,* 309 N.C. 170, 305 S.E. 2d 519 (1983). Defendant then moved for appropriate relief and pursuant thereto the trial court held a resentencing hearing on the burglary conviction only. After doing so the court found no factors in mitigation, found as a factor in aggravation that the victim of the crime was very old, and again sentenced defendant to a term of forty years to begin at the expiration of the life sentence for rape that he was then serving.

*Attorney General Edmisten, by Assistant Attorney General George W. Lennon, for the State.*

*Appellate Defender Stein, by First Assistant Appellate Defender Malcolm Ray Hunter, Jr., for defendant appellant.*

PHILLIPS, Judge.

[1] Defendant first contends that the aggravating factor found by the trial court was not "proved by the preponderance of the evidence," as required by G.S. 15A-1340.4(a). The record does show, as defendant points out, that at the resentencing hearing the State presented no evidence at all and the defendant stipulated to no facts. But this does not mean, as defendant's argument implies, that the court erroneously acted in a vacuum. Prosecutions and suits at law have records and a court can take judicial notice of its own proceedings and records in the same case. 1 Brandis N.C. Evidence § 13 (2d rev. ed. 1982). A part of the record of this case in the court below was the decision of the Supreme Court on defendant's previous appeal in which it is stated that the victim of defendant's crime was 81 years old. This is basis enough for the trial judge's finding that she was very old. Since the law does not require the doing of vain and superfluous things, when a defendant is resentenced it is not necessary to reestablish that which the court already knows. Our decision in *State v. Smith*, 73 N.C. App. 637, 327 S.E. 2d 44 (1985) was to the identical effect.

[2] Defendant's only other contention is that the victim's age was not reasonably related to the purposes of sentencing in this case. That the victim of a crime is either very young or very old, or mentally or physically infirm, is a statutorily authorized aggravating factor under G.S. 15A-1340.4(a)(1)(j) if it is reasonably related to the purposes of sentencing in the particular case. But as was held in *State v. Eason*, 67 N.C. App. 460, 313 S.E. 2d 221 (1984), a victim's age or condition is reasonably related to the purposes of sentencing only when it enhances the defendant's culpability. Vulnerability to the particular harm that defendant's crime entailed is the concern that this factor addresses, *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983), and in *State v. Wheeler*, 70 N.C. App. 191, 319 S.E. 2d 631 (1984), where robbery at gunpoint was the offense and the circumstances did not show

that the victim's age or condition was relied upon or taken advantage of by defendant in committing the robbery, it was held that the victim's age was unrelated to the purposes of sentencing for that offense. But the situation is otherwise in this case and this contention is also overruled. The record in this case shows that: Defendant knocked on the victim's door, asked to use her phone to telephone a garage to pick up his car, which he claimed was stranded; she did not let defendant in the house, but did undertake to call a garage for him; defendant saw that she was an old lady, discerned that she was alone in the house, forcibly snatched the door open, physically overpowered her feeble resistance, and choked her to unconsciousness before raping her and stealing two heaters. Under the circumstances we believe it was appropriate for the judge to conclude that the victim's advancing years made her more vulnerable than most women to the defendant's forcible and felonious invasion of her home and was therefore related to the purposes of sentencing in this case.

No error.

Judges ARNOLD and COZORT concur.