STATE OF NORTH CAROLINA v. WINDELL FLOWERS

No. 8623SC421

(Filed 17 March 1987)

1. **Criminal Law § 138.29— aggravating factor—heinous, atrocious or cruel bur-
glary—course of conduct—reliance on evidence of joined murder**

     The trial court erred in finding the especially heinous, atrocious or cruel
     aggravating factor for first degree burglary where it is apparent that the
     court improperly considered evidence of defendant's course of conduct in the
     commission of a joined offense of first degree murder for which defendant was
     contemporaneously convicted.

2. **Criminal Law § 138.29— aggravating factor—pattern of conduct causing dan-
ger to society—reliance on joinable offenses**

     The trial court erred in finding as a non-statutory aggravating factor for
     breaking or entering and larceny that "defendant engaged in a pattern of con-
     duct causing serious danger to society" where the only basis for the court's
     finding of this factor was evidence of joinable offenses for which defendant
     was also being sentenced.

3. **Criminal Law § 138.37— mitigating factor—aiding apprehension of another fel-
on—necessity for finding**

     The trial court erred in failing to find as a mitigating factor that defend-
     ant "aided in the apprehension of another felon" where there was uncon-
     tradicted testimony by an SBI agent that defendant's statements led to the
     apprehension of other felons. N.C.G.S. § 15A-1340.4(a)(2)h.

   APPEAL by defendant from *Rousseau, Judge.* Judgment en-
tered 17 December 1985 in Superior Court, WILKES County.
Heard in the Court of Appeals 17 November 1986.

   At the 21 June 1982 Special Criminal Session of Superior
Court, Iredell County, defendant and his codefendants were tried
and convicted of first-degree murder, first-degree burglary, sec-
ond-degree kidnapping, breaking or entering, larceny, and armed
robbery. Judgment on defendant and his codefendants' conviction
of armed robbery was arrested. Defendant received the following
sentences: For the Class A felony of first-degree murder—life im-
prisonment; for the Class C felony of first-degree burglary—50
years; for the Class E felony of second-degree kidnapping—30
years to begin upon expiration of the sentence for the Class C
felony; and for the Class H felonies of breaking or entering and
larceny—10 years to begin at the expiration of the sentence im-
posed for the Class E felony. Defendant along with his code-

fendants appealed. The North Carolina Supreme Court allowed a motion to bypass this Court on the non-Class A felonies. *See State v. Hayes*, 314 N.C. 460, 334 S.E. 2d 741 (1985). For a complete statement of the facts of this case, *see id.* The North Carolina Supreme Court affirmed all the convictions appealed from, but remanded all offenses other than the Class A felony of first-degree murder for resentencing. *See id.* Upon remand the trial court, on 17 December 1985, resentenced defendant Windell Flowers to the same consecutive sentences of fifty years for first-degree burglary, thirty years for second-degree kidnapping, and a consolidated ten year sentence for breaking or entering and larceny. Defendant Flowers appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Charles M. Hensey, for the State.*

*Dennis R. Joyce, for defendant.*

JOHNSON, Judge.

[1] Defendant first argues that the trial court erred by using as an aggravating factor evidence of a joinable offense for which he was being sentenced. Defendant contends that "[b]y aggravating the defendant's sentence for burglary with a finding that the crime was especially heinous, atrocious, and cruel, the court below must have been relying on evidence of other crimes that occurred once the defendant was inside the house." We agree.

Recently, in the case of *State v. Westmoreland*, 314 N.C. 442, 334 S.E. 2d 223 (1985), the Court relying upon *State v. Lattimore*, 310 N.C. 295, 311 S.E. 2d 876 (1984), stated the following:

In the case before us the trial judge did not explicitly use defendant's convictions as aggravating factors. Rather, he relied on defendant's murderous course of conduct in committing the offenses that support the convictions. The State contends that this does not violate the rule of *Lattimore*. We cannot agree. Whatever name is given to it, the effect of the trial judge's action was to use defendant's contemporaneous convictions of joined offenses as an aggravating factor in violation of the rule of *Lattimore*. Of course, a trial judge is not precluded from finding as an aggravating factor that a defendant has engaged in a criminal course of conduct when such conduct is not the basis of either of the joined offenses.

*Westmoreland, supra,* at 449-50, 334 S.E. 2d at 228.

In sentencing defendant for first-degree burglary the trial judge found as a statutory aggravating factor that the offense was especially heinous, atrocious, or cruel. From our review of the record on appeal it is apparent that the trial court improperly considered evidence of defendant's course of conduct in the commission of a joinable offense, to wit: first-degree murder. Therefore, based upon *Lattimore, supra,* and *Westmoreland, supra,* we must remand for resentencing on defendant's first-degree burglary conviction.

[2]   Upon sentencing defendant for larceny and breaking or entering the trial court found as the only aggravating factor that "[t]he defendant engaged in a pattern of conduct causing serious danger to society." Consistent with our remand of defendant's conviction for first-degree burglary, we likewise remand defendant's convictions of larceny and breaking or entering for resentencing. From a review of the record on appeal the only basis for the trial court's finding of the aforementioned non-statutory aggravating factor was evidence of joinable offenses for which defendant was also being sentenced. The principle established in *Lattimore* and *Westmoreland, supra,* prohibits this result.

[3]   Defendant's final Assignment of Error is that the trial court erred by not finding as a mitigating factor that defendant aided in the apprehension of another felon. We agree.

Prior to sentencing a convicted felon to a prison term other than the presumptive a trial court must consider any mitigating or aggravating factors set forth in G.S. 15A-1340.4. *Id.* If a trial court imposes a prison term for a felony that differs from the presumptive term set forth in G.S. 15A-1340.4(f), then the trial court "*must* specifically list in the record each matter in aggravation or mitigation that he finds proved by a preponderance of the evidence. If he imposes a prison term that exceeds the presumptive term, he must find that the factors in aggravation outweigh the factors in mitigation." G.S. 15A-1340.4(b) (emphasis supplied).

Defendant complains that there was a preponderance of the evidence to establish as a mitigating factor that he "aided in the apprehension of another felon," G.S. 15A-1340.4(a)(2)h. The record on appeal bears out defendant's assertion. There was uncontra-

dicted testimony by an SBI agent that defendant's statements led to the apprehension of other felons. During resentencing, defendant brought this evidence to the court's attention and argued for a finding in mitigation. When the court asked the prosecutor if he wished to be heard with respect to defendant's argument for the court finding the mitigating factors the prosecutor declined to be heard. The State, in its brief, concedes that: "[i]t is undisputed that there was evidence in the record to support such a finding and that the trial judge considered it as to each offense." We fail to see any indication in the record that the trial court found this factor in mitigation, and then exercised his discretion and found that the factors in aggravation outweighed those in mitigation. Therefore, we must remand for resentencing all three sentences from which defendant appeals.

Remand for resentencing.

Judges ARNOLD and EAGLES concur.