STATE OF NORTH CAROLINA v. WINDELL FLOWERS

No. 8923SC1007

(Filed 7 August 1990)

1. **Criminal Law § 1145 (NCI4th) — burglary committed in especially heinous, atrocious, or cruel manner — aggravating factor properly found**

    In determining that defendant committed burglary in an especially heinous, atrocious, or cruel manner, the trial court did not err by considering evidence of joinable offenses where the record showed that defendant and another held the victim helpless during a fatal beating administered to her husband, thus subjecting her to physical and psychological suffering not ordinarily present when a burglary is committed.

    **Am Jur 2d, Criminal Law §§ 598, 599.**

2. **Criminal Law § 1119 (NCI4th) — pattern of conduct causing serious danger to society — aggravating factor properly found**

    The trial court did not improperly use defendant's conviction of other offenses as evidence of a nonstatutory aggravating factor that defendant "engaged in a pattern of conduct causing serious danger to society" when he committed larceny and breaking or entering where the record showed that defendant went to the victim's home on 13 December; when she refused to open the door, defendant and his companions left and went to a nightclub where they consumed quantities of liquor and got into a fight with several other people; during the course of the evening they armed themselves with a sawed-off shotgun; and armed and intoxicated they returned a second time to the victim's home on 14 December.

    **Am Jur 2d, Criminal Law §§ 598, 599.**

3. **Criminal Law § 1160 (NCI4th) — 76-year-old victim — advanced age proper aggravating factor**

    The trial court did not err in using the victim's advanced age to aggravate defendant's sentence for second degree kidnapping where record evidence showed that the victim's advanced age, 76, caused her to be more vulnerable to defend-

ant's restraint and removal of her from her home than most women of a younger age.

**Am Jur 2d, Criminal Law §§ 598, 599.**

APPEAL by defendant from judgment entered 4 May 1989 by *Judge Thomas W. Seay, Jr.* in WILKES County Superior Court. Heard in the Court of Appeals 11 May 1990.

*Lacy H. Thornburg, Attorney General, by Charles M. Hensey, Special Deputy Attorney General, for the State.*

*Dennis R. Joyce for defendant-appellant.*

GREENE, Judge.

Defendant assigns error to the court's findings of factors aggravating his sentences after jury conviction for the offenses of second degree kidnapping, felonious breaking and entering, and first degree burglary. The court imposed consecutive prison sentences of: fifty years for the offense of first degree burglary, finding in aggravation that the offense was especially heinous, atrocious or cruel; thirty years for the offense of second degree kidnapping, finding in aggravation that the victim was very old; and ten years for the offense of felonious breaking and entering, and larceny, finding in aggravation the nonstatutory factor that "defendant engaged in a pattern of [c]onduct causing serious danger to society." In mitigation of each of these offenses, the court found that defendant aided in the apprehension of another felon, but that for each offense, the aggravating factor outweighed the mitigating factor.

This is the third appeal of this case, the facts of which are set forth in *State v. Flowers,* 84 N.C. App. 696, 354 S.E.2d 240, *review denied,* 319 N.C. 675, 356 S.E.2d 782 (1987); and in *State v. Hayes,* 314 N.C. 460, 334 S.E.2d 741 (1985); *State v. Hayes,* 85 N.C. App. 349, 355 S.E.2d 267, *review allowed,* 320 N.C. 635, 360 S.E.2d 98, *reversed,* 323 N.C. 306, 372 S.E.2d 704 (1988). In the latter case, the Supreme Court reviewed conviction and sentencing of one of three men, including defendant, who broke into a rural home. The evidence adduced in these cases shows that defendant's co-defendant, Roberts, assaulted an elderly man who lived in the house and who died as a result of the assault. Defendant and the other co-defendant, Hayes, restrained and injured the elderly wife of the owner, Mrs. Greer. Mrs. Greer was seventy-six years

old at the time of the crimes. Defendant then went through the house, pilfering cash and other items. Mrs. Greer testified:

> I seen [sic] the one that was doing the pilfering around in the drawers. He had an object about this long and about that wide, kind of square and gray. He had a flashlight and I could see and that is what went so deep in my head up there and cut the gash there. . . . I was hit on top of the head up here with this metal piece or something and the blood started streaming down . . .

While Roberts was beating Mr. Greer, Mrs. Greer suggested that defendant and Hayes accompany her to the Greers' grocery store. Defendant and Hayes forced her to sit on the ground and left her alone so that they could get store keys from the house. Mrs. Greer got up and ran about 300 yards to a fence, where one of the defendants caught her. Hayes and defendant took her to the store, where she was knocked to her knees, tied up and left in the store. Defendant later confessed, implicating the two co-defendants. Because of the previous expositions, we do not repeat other facts in the record except where relevant.

---

The issues are: whether the trial court erred in (I) aggravating defendant's sentence for first degree burglary by finding that the crime was especially heinous, atrocious or cruel; (II) aggravating defendant's sentence for larceny and breaking and entering by finding that defendant engaged in a pattern of conduct causing serious danger to society; and (III) aggravating defendant's sentence for kidnapping by finding that the victim was very old.

I

[1] Defendant contends that the trial court "erred by considering evidence of joinable offenses" when it determined that defendant committed burglary in an especially heinous, atrocious or cruel manner. We disagree.

Sentencing factors in aggravation or mitigation must be supported by a preponderance of the evidence. *Flowers*, at 698, 354 S.E.2d at 242. The court may not use the commission of a joinable offense as an aggravating factor. N.C.G.S. § 15A-1340.4(a)(1)(o) (1988). However, the court may use evidence necessary to prove an *element* of a joinable offense as an aggravating factor. *Hayes*, 323 N.C. at 312, 372 S.E.2d at 708; *State v. Taylor*, 322 N.C. 280,

367 S.E.2d 664 (1988) (the court can aggravate defendant's first degree burglary conviction with evidence showing an element of a joined felonious assault offense).

We presume that the trial court disregarded incompetent evidence unless there is affirmative evidence to the contrary. *State v. Willard*, 292 N.C. 567, 575, 234 S.E.2d 587, 591 (1977). A defendant challenging the court's imposition of sentence bears the burden of showing prejudicial error. *State v. Williams*, 65 N.C. App. 472, 478, 310 S.E.2d 83, 87 (1983).

> If the crime be committed in a dwelling house, or in a room used as a sleeping apartment in any building, and any person is in the actual occupation of any part of said dwelling house or sleeping apartment at the time of the commission of such crime, it shall be burglary in the first degree.

N.C.G.S. § 14-51 (1986). In determining whether an offense is especially heinous, atrocious or cruel, " 'the focus should be on whether the facts of the case disclose . . . *excessive* brutality, or physical pain, psychological suffering, or dehumanizing aspects *not normally present in that offense.*' " *Hayes*, at 313, 372 S.E.2d at 708 (emphases in original) (citation omitted).

> The Fair Sentencing Act and our cases interpreting it establish several rules which determine what evidence a sentencing judge may properly consider in aggravating a crime covered by the Act. First, a conviction may not be aggravated by prior convictions of other crimes which could have been joined for trial or by a contemporaneous conviction of a crime actually joined by or acts which form the gravamen of these convictions. . . . Second, evidence used to prove an element of a crime may not also be used to prove a factor in aggravation of the *same* crime. . . . Third, 'the same item of evidence may not be used to prove more than one factor in aggravation.' . . . Fourth, acts which could have been, but were not, the basis for other joinable criminal convictions may be used to aggravate the conviction for which defendant is being sentenced. Finally, *evidence* used in proving an element of one crime may also be used to support an aggravating factor of a separate, though joined, crime for which defendant is being sentenced.

*Id.*, at 312, 372 S.E.2d at 707-708 (emphases in original) (citations omitted). The law of the case is that:

> Hayes and *Flowers* held Mrs. Greer helpless in the presence of the beating being administered to her husband by Roberts. . . . The kind of suffering, both physical and psychological, that Mrs. Greer endured at the hands of Hayes *and his accomplices* concomitantly with the burglary is not ordinarily present when a burglary is committed.

*Id.*, at 313-14, 372 S.E.2d at 708 (emphases added).

Record evidence supports the court's finding of heinous, atrocious or cruel behavior during commission of the burglary. Here, the record shows that defendant subjected Mrs. Greer to physical and psychological suffering not ordinarily present when a burglary is committed. We presume that the trial judge did not consider incompetent evidence in aggravating defendant's sentence, because the record does not affirmatively disclose such consideration.

## II

[2] Defendant contends that the court improperly used his conviction of other offenses as evidence of a nonstatutory aggravating factor that defendant "engaged in a pattern of [c]onduct causing serious danger to society" when he committed larceny and breaking or entering. We disagree.

For the court to find a nonstatutory aggravating factor, the evidence must relate to the offender's character or conduct. *State v. Chatman*, 308 N.C. 169, 180, 301 S.E.2d 71, 78 (1983). "[E]vidence of acts unrelated to . . . joined convictions may properly be considered." *Hayes*, at 315, 372 S.E.2d at 709. The law of this case shows that defendant, along with his two co-defendants:

> first went to the Greer home on 13 December 1981. When Mrs. Greer refused to open the door, the three men left and went to a nightclub. While at the nightclub, they consumed quantities of liquor and got into a fight with several other people. During the course of the evening, they armed themselves with a sawed-off shotgun. Armed and intoxicated, they returned a second time to the Greer home on 14 December 1981. This evidence, all unrelated to the other crimes for which defendant [Hayes] was convicted, is enough to support the

trial court's finding in aggravation that defendant [Hayes] engaged in a pattern of conduct causing serious danger to society.

*Id.*

The record shows that defendant participated in each of the types of conduct set out above. Accordingly, this evidence supports the court's finding of aggravation and we presume that the trial judge did not consider incompetent evidence in aggravating this sentence.

### III

[3] Defendant argues that the trial court erred in using the victim's advanced age to aggravate defendant's sentence for second degree kidnapping because the finding is not related to the purposes of sentencing. We disagree.

Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person . . . shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of: (2) [f]acilitating the commission of any felony or facilitating flight of any person following the commission of a felony . . . If the person kidnapped was released in a safe place by the defendant and had not been seriously injured or sexually assaulted, the offense is kidnapping in the second degree . . .

N.C.G.S. § 14-39(a)(1) and (b) (1986).

The purpose of sentencing is to punish a criminal with the degree of severity that his culpability merits. *State v. Thompson*, 318 N.C. 395, 397-98, 348 S.E.2d 798, 800 (1986).

There are at least two ways in which a defendant may take advantage of the age of his victim. First, he may 'target' the victim because of the victim's age, knowing that his chances of success are greater whe[n] the victim is very young or very old. . . . [Second,] the defendant may take advantage of the victim's age during the actual commission of a crime against the person of the victim, or in the victim's presence, knowing that the victim, by reason of age, is unlikely to effectively intervene or to defend himself. In either case, the defendant's culpability is increased.

*Id.*, at 398, 348 S.E.2d at 800. A defendant is more blameworthy when the victim's age causes her to be more vulnerable, as when age impedes the victim from fleeing or fending off attack. *State v. Hines*, 314 N.C. 522, 525, 335 S.E.2d 6, 8 (1985). When a victim's age makes her more vulnerable than most women to defendant's forced commission of an offense, aggravation of defendant's sentence is appropriate and relates to the purposes of sentencing. *State v. Williams*, 74 N.C. App. 574, 576, 328 S.E.2d 775, 776 (1985) (defendant raped and committed forcible and felonious burglary on the victim).

Record evidence shows that Mrs. Greer's advanced age caused her to be more vulnerable to defendant's restraint and removal of her from her home than most women of a younger age. As evidenced by her failed escape attempt, the victim may have been able to escape defendant's control if she had not been so elderly.

No error.

Judges ORR and LEWIS concur.