AMY SIMPSON (IRISH), Plaintiff v. DARYL WAYNE SIMPSON, Defendant

No. COA09-1131

(Filed 18 January 2011)

**Attorney Fees— motion to modify custody—reasonableness of attorney's hourly rate—judicial notice**

The trial court erred in denying plaintiff's request for attorney fees related to a child custody action based on the court's finding plaintiff failed to present sufficient evidence of the reasonableness of her attorney's hourly rates. A district court, considering a motion for attorney fees under N.C.G.S. § 50-13.6, was permitted, although not required, to take judicial notice of the customary hourly rates of local attorneys performing the same services and having the same experience.

Appeal by plaintiff from order entered 12 June 2009 by Judge Martin B. McGee in Cabarrus County District Court. Heard in the Court of Appeals 11 February 2010.

*Ferguson, Scarbrough, Hayes, Hawkins & DeMay, P.A., by James R. DeMay, for plaintiff-appellant.*

*Conroy & Weinshenker, P.A., by Seth B. Weinshenker, for defend-
ant-appellee.*

GEER, Judge.

Plaintiff Amy Simpson (Irish) appeals from an order denying her
motion for attorney's fees following a hearing on defendant Daryl
Wayne Simpson's motion for modification of child custody. In denying
the motion, the trial court found that plaintiff had failed to present
sufficient evidence of the reasonableness of her attorney's hourly
rates. We agree with plaintiff that the customary rate of local
attorneys' fees is a proper subject for judicial notice in connection
with motions for attorneys' fees brought under N.C. Gen. Stat.
§ 50-13.6 (2009). Because the trial court stated in its order that it was
precluded from taking judicial notice of local rates and, therefore,
acted under a misapprehension of law when the court made its findings
of fact, we must reverse and remand for further findings of fact.

Facts

Plaintiff and defendant had three children during their marriage.
After plaintiff and defendant separated, a consent order was entered
on 21 April 2006 pursuant to which the parties agreed that plaintiff
would have primary physical custody of the minor children.
Subsequently, on 12 August 2008, defendant filed a motion for
modification of the consent order requesting that the trial court allow
the parties to share physical custody with each parent having the
children 50% of the time.

At the 13 January 2009 hearing on defendant's motion, plaintiff
moved to dismiss the motion on the grounds that defendant had
failed to show a substantial and material change of circumstances
affecting the best interest and welfare of the children sufficient to
justify a change in the custody arrangement under the consent order.
The trial court agreed and granted plaintiff's motion to dismiss in an
order entered 27 January 2009.

On 9 February 2009, plaintiff filed a verified "Motion to Tax
Costs," seeking both costs and attorney's fees. The verified motion
stated that plaintiff had incurred reasonable stenographic expenses
in the amount of $718.50 and attorney's fees in the amount of
$9,172.50. As support for this motion, plaintiff attached the court
reporter's invoice, a "History Bill" from plaintiff's counsel, and plaintiff's
affidavit of financial status.

On the same day, plaintiff also filed a document entitled "Memorandum of Costs and Disbursements" and "Verification by Attorney." In this document, which was notarized, plaintiff's counsel stated:

> I am the attorney for the Plaintiff and in that capacity am better informed relative to the within costs and disbursements than my client or any of my associate counsel. To the best of my knowledge and belief, the items contained in [the] attached History Bill are correct, and the disbursements have been necessarily incurred in the action or proceedings.

As the memorandum indicated, it attached the History Bill.

At the 12 March 2009 hearing on plaintiff's motion, the trial court told the parties that, following the hearing, they could submit additional legal authority, but the court would not receive any additional evidence. Nonetheless, on 19 March 2009, a week after the hearing, plaintiff's counsel filed an affidavit in which he stated, "The rates that I charge are well within the parameters and rate structure of a majority of the attorneys in Cabarrus County and well below an attorney with similar skills in Mecklenburg County."

On 12 June 2009, the trial court entered its "Order Awarding Costs." The trial court found that plaintiff acted in good faith in defending against defendant's motion and that "[p]laintiff's counsel skillfully represented plaintiff in defending against defendant's motion to modify and time spent on the case by plaintiff's attorney was reasonable and necessary." With respect to the reasonableness of the hourly rate charged by plaintiff's counsel, the court found:

> There was no evidence offered at the hearing regarding the reasonableness of the hourly rate charged by Plaintiff's counsel in comparison with other lawyers as required by *Falls v. Falls*, 52 N.C. App. 203, 221[, *disc. review denied*, 304 N.C. 390, 285 S.E.2d 831] (1981). The Affidavit of Edwin H. Ferguson, Jr., to the extent it offered evidence on the reasonableness issue, is not properly before the Court because it was offered after the hearing in violation of this Court's instructions. Also, the *Falls* case precludes the Court from taking judicial notice of the typical fees charged by counsel in our area and find [sic] that the charges and time spent [are] reasonable.

On the issue of plaintiff's ability to pay her attorney, the court found: "Based upon her affidavit, the plaintiff is not employed and

has insufficient means to defray the cost of this action, but the Defendant did not have the opportunity to cross-examine her at the hearing." As for defendant's ability to pay, the trial court found:

13. Plaintiff did not call defendant to testify or offer any evidence at the hearing herein regarding his ability to pay defendant's attorney's fees. Plaintiff's counsel asserted that the defendant had offered testimony bearing upon this issue when his motion to modify custody was heard in January 2009.

14. There was no evidence offered by defendant regarding what changes, if any, have occurred regarding defendant's income and expenses since the January 2009 hearing.

Based on these findings, the trial court, citing the *Falls* case, concluded that "plaintiff failed to offer sufficient evidence for the Court to award attorney's fees." The court, therefore, denied the motion for attorney's fees, although it awarded plaintiff $748.50 in costs. Plaintiff timely appealed to this Court.

## Discussion

The sole issue on appeal is whether the trial court erred in denying plaintiff's request for attorney's fees. N.C. Gen. Stat. § 50-13.6 provides that in a proceeding for modification of child custody, "the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit." " 'Whether these statutory requirements have been met is a question of law, reviewable on appeal.' " *Doan v. Doan*, 156 N.C. App. 570, 575, 577 S.E.2d 146, 150 (2003) (quoting *Hudson v. Hudson*, 299 N.C. 465, 472, 263 S.E.2d 719, 724 (1980)). "Only when these requirements have been met does the standard of review change to abuse of discretion for an examination of the amount of attorney's fees awarded." *Id.*

In this case, the trial court concluded that plaintiff offered insufficient evidence to support an award of attorney's fees. While plaintiff focuses entirely on whether the trial court properly found that she offered no evidence regarding the reasonableness of her attorney's hourly rate, defendant argues that the trial court also found that plaintiff failed to prove that she had insufficient means to defray the expense of the proceeding. Defendant contends that the order may be upheld on that basis regardless of the propriety of the court's findings on the hourly rate issue.

Review of the order does not support defendant's contention. The finding of fact as to plaintiff's means is ambiguous. The finding of fact starts by stating that plaintiff "has insufficient means to defray the cost of this action," referring to plaintiff's financial affidavit as support. It goes on, however, to note that defendant did not have an opportunity to cross-examine plaintiff. The finding can reasonably be read either as determining that plaintiff met this statutory requirement or as determining that the evidence offered on that issue was not competent and, therefore, insufficient to meet the statutory requirement. Because of this ambiguity, this finding of fact is not adequate to support the trial court's denial of the motion for attorney's fees.

The trial court's order is, however, unambiguous regarding the sufficiency of the evidence as to the reasonableness of counsel's hourly rate: "There was no evidence offered at the hearing regarding the reasonableness of the hourly rate charged by Plaintiff's counsel in comparison with other lawyers as required by *Falls* . . . ." It is well established that in order to "support the reasonableness of an award of attorney fees, the trial court must make 'findings regarding the nature and scope of the legal services rendered, the skill and time required, the attorney's hourly rate, and its reasonableness in comparison with that of other lawyers.'" *Cunningham v. Cunningham*, 171 N.C. App. 550, 565-66, 615 S.E.2d 675, 686 (2005) (quoting *Cobb v. Cobb*, 79 N.C. App. 592, 595, 339 S.E.2d 825, 828 (1986)).

According to *Falls*, 52 N.C. App. at 221, 278 S.E.2d at 558, the trial court cannot make the findings necessary to support an award of attorney's fees unless the party seeking the fees offers evidence to support those findings. Here, plaintiff does not dispute that the only evidence she presented on the reasonableness of her counsel's hourly rate was contained in the affidavit filed after the hearing on her motion. She also does not challenge the trial court's decision not to consider that affidavit. There is thus no dispute that plaintiff failed to submit evidence as to the reasonableness of her attorney's rates in comparison with the rates of other local attorneys.

The question, then, is whether plaintiff could satisfy the *Falls* requirements by asking the trial court to take judicial notice of the customary rates of local attorneys.[1] Although the trial court stated in

---

1. As to this point, plaintiff does not go so far as to insist that the trial court was *required* to take judicial notice of local rates, but rather contends that "it is entirely appropriate for a court to take judicial notice of such, as it is something well within the knowledge of the trial court."

its findings of fact that *Falls* prohibits the court from taking judicial notice of customary local rates, we agree with plaintiff that nothing in *Falls* addresses judicial notice. In *Falls*, this Court reversed a trial court's award of attorneys' fees under N.C. Gen. Stat. § 50-13.6 because:

> To support an award of attorney's fees, the trial court should make findings as to the lawyer's skill, his hourly rate, its reasonableness in comparison with that of other lawyers, what he did, and the hours he spent. No such findings could be made in this case because there was no evidence on these vital matters. Moreover, the required statutory findings that the wife is acting in good faith and has insufficient means to defray the expenses of the suit, have not been made.

52 N.C. App. at 221, 278 S.E.2d at 558.

Thus, *Falls* requires "evidence" of the reasonableness of an attorney's hourly rate. It does not dictate the form of the evidence. As this Court emphasized in *Mason v. Town of Fletcher*, 149 N.C. App. 636, 640, 561 S.E.2d 524, 527, *disc. review denied*, 355 N.C. 492, 563 S.E.2d 570 (2002) (quoting *State v. Smith*, 73 N.C. App. 637, 638, 327 S.E.2d 44, 45-46 (1985)), " 'It is not the law that facts essential to a judgment can only be established by the testimony of witnesses, by exhibits introduced into evidence, or by a stipulation of the parties; they can also be established by judicial notice.' " Thus, *Falls* does not bar a trial court from taking judicial notice of customary rates of local attorneys. It simply does not address the issue.

The question remains whether the customary hourly rates of attorneys is a proper subject for judicial notice. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." N.C.R. Evid. 201(b).

As our Supreme Court has explained, "[t]here are many facts of which the court may take judicial notice, and they should take notice of whatever is, or ought to be, generally known within the limits of their jurisdiction, for justice does not require that courts profess to be more ignorant than the rest of mankind." *State v. Vick*, 213 N.C. 235, 238, 195 S.E. 779, 780-81 (1938). This Court has previously recognized " 'a wide range of miscellaneous facts which will or may be judicially noticed,' " such as the following:

"[T]he laws of nature; human impulses, habits, functions and capabilities; the prevalence of a certain surname; established medical and scientific facts; *well-known practices in farming, construction work, transportation, and other businesses and professions*; the characteristics of familiar tools and appliances, weapons, intoxicants, and poisons; the use of highways; the normal incidence of the operation of trains, motor vehicles, and planes; prominent geographical features such as railroads, water courses, and cities and towns; population and area as shown by census reports; the days, weeks, and months of the calendar; the effect of natural conditions on the construction of public improvements; the facts of history; important current events; general economic and social conditions; matters affecting public health and safety; the meaning of words and abbreviations; and the results of mathematical computations."

*Hinkle v. Hartsell*, 131 N.C. App. 833, 836, 509 S.E.2d 455, 457-58 (1998) (emphasis added) (quoting 1 Kenneth S. Broun, *Brandis and Broun on North Carolina Evidence* § 27, 104-09 (5th ed. 1998)).

Although we have found no North Carolina case specifically addressing whether a trial court may take judicial notice of customary hourly rates for attorneys in a community, we note at the outset that courts in several other jurisdictions have expressly approved of this practice. *See, e.g., Waters v. Kemp*, 845 F.2d 260, 265 (11th Cir. 1988) (taking judicial notice of fees customarily charged by lawyers in Savannah, Georgia performing particular types of services); *Mut. of Omaha Ins. Co. v. Halsell*, —— F. Supp. 2d ——, 2010 WL 638452, *1, 2010 U.S. Dist. LEXIS 14607, *4 (W.D. Tex. Feb. 19, 2010) (unpublished) (holding court "may take judicial notice of reasonable and customary fees"); *Luessenhop v. Clinton County*, 558 F. Supp. 2d 247, 258 (N.D.N.Y. 2008) (explaining that in determining prevailing market rate, "it is incumbent upon the district court to take judicial notice of rates in prior cases, the evidence submitted by the parties, and its own familiarity and experience with rates within its relevant community"), *aff'd*, 324 Fed. Appx. 125 (2d Cir. May 8, 2009) (unpublished); *Bishop v. Osborn Transp., Inc.*, 687 F. Supp. 1526, 1531 (N.D. Ala. 1988) (exercising discretion to take judicial notice of range of customary hourly rates for lawyers in Northern District of Alabama); *Whitman v. Fuqua*, 561 F. Supp. 175, 181 (W.D. Pa. 1983) (noting court "by law may take notice of the customary rates in the community for attorneys of comparable standing, skill and experience" and observing that " '[a] judge is presumed knowledgeable as to the fees

SIMPSON v. SIMPSON

[209 N.C. App. 320 (2011)]

charged by attorneys in general and as to the quality of legal work presented to him by particular attorneys' " (quoting *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.,* 487 F.2d 161, 169 (3d Cir. 1973))); *Daimler Chrysler Corp. v. Franklin,* 814 N.E.2d 281, 288 (Ind. Ct. App. 2004) ("[T]he reasonableness of attorney's fees is a matter regarding which the judge, being a lawyer, may take judicial notice.").

Turning back to North Carolina case law, we note that our Courts have, on occasion, approved of trial courts taking judicial notice of various attorney-related practices. *See, e.g., Sell v. Hotchkiss,* 264 N.C. 185, 188, 141 S.E.2d 259, 262 (1965) (taking notice that releases and covenants not to sue are ordinarily prepared by insurer); *Collins v. N.C. State Highway & Pub. Works Comm'n,* 237 N.C. 277, 283, 74 S.E.2d 709, 714 (1953) ("We know judicially that it is customary in practice for an attorney to accept service of notice in behalf of his client, and in that way waive service by an officer."); *Smith v. Beaufort County Hosp. Ass'n,* 141 N.C. App. 203, 211, 540 S.E.2d 775, 780 (2000) (holding that trial court, "on [its] own accord, properly took judicial notice of (1) the number of highly skilled plaintiffs' attorneys engaged in the trial of medical negligence actions in our state as that information is generally known within the jurisdiction of the trial courts of this state, and (2) the number of times [a certain law firm] participated in litigation in North Carolina by relying on information supplied by the North Carolina State Bar Association as that information is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"), *disc. review denied,* 353 N.C. 381, 547 S.E.2d 435, *aff'd per curiam,* 354 N.C. 212, 552 S.E.2d 139 (2001).

We also recognize that the Supreme Court has previously permitted the taking of judicial notice of customary payment practices in other industries. *See Economy Pumps, Inc. v. F. W. Woolworth Co.,* 220 N.C. 499, 502, 17 S.E.2d 639, 641 (1941) (" 'We may take judicial notice that the arrangement of paying the cost plus a percentage as a contract price for a completed job is growing in favor, and is becoming a common plan adopted by contractors in place of a lump sum payment.' " (quoting *Carleton v. Foundry & Mach. Prods. Co.,* 199 Mich. 148, 159, 165 N.W. 816, 819 (1917))).

Fee applications are routinely filed in district courts pursuant to N.C. Gen. Stat. § 50-13.6. At least with respect to such fee applications, we are persuaded by the reasoning of other jurisdictions allowing

judicial notice of the reasonableness of the hourly rate sought. We also believe that this reasoning is consistent with the application of judicial notice in North Carolina. We, therefore, hold that a district court, considering a motion for attorneys' fees under N.C. Gen. Stat. § 50-13.6, is permitted, although not required, to take judicial notice of the customary hourly rates of local attorneys performing the same services and having the same experience.[2]

If, however, the trial court determines that it lacks the necessary knowledge or that the customary hourly rate is in fact subject to debate in the community, then the trial court should decline a request to take judicial notice of the rates. *See Hinkle*, 131 N.C. App. at 837, 509 S.E.2d at 458 (holding judicial notice was improper where prevalence of crime at motel and how crime affected residents was "no doubt a matter of debate within the community"); *Thompson v. Shoemaker*, 7 N.C. App. 687, 690, 173 S.E.2d 627, 630 (1970) (holding alleged unavailability of low income housing in City of Charlotte was "undoubtedly subject to debate" and was not factor that could properly be judicially noticed by Court), *superseded by statute on other grounds as stated in Miller v. C.W. Myers Trading Post, Inc.*, 85 N.C. App. 362, 355 S.E.2d 189 (1987).

In this case, the trial court believed that it was "preclude[d] . . . from taking judicial notice of the typical fees charged by counsel in our area and find[ing] that the charges and time spent is reasonable." Consequently, the trial court reached its decision under a misapprehension of law. Our Supreme Court has held that "there is error when the trial court refuses to exercise its discretion in the erroneous belief that it has no discretion as to the question presented. Where the error is prejudicial, the defendant is entitled to have his motion reconsidered and passed upon as a discretionary matter." *State v. Lang*, 301 N.C. 508, 510, 272 S.E.2d 123, 125 (1980). *See also Greer v. Greer*, 175 N.C. App. 464, 473, 624 S.E.2d 423, 429 (2006) ("When a court makes its findings of fact under a misapprehension of the law, the affected findings must be set aside and the case remanded so that the remaining evidence may be considered in its 'true legal light.' " (quoting *McGill v. Town of Lumberton*, 215 N.C. 752, 754, 3 S.E.2d 324, 326 (1939))).

Because plaintiff did not present any evidence of the reasonableness of her attorney's hourly rate, the trial court's belief that it lacked

---

2. We stress, nonetheless, that the better practice is for parties to provide evidence of the customary local rates rather than depending upon judicial notice.

authority to apply the judicial notice doctrine in this context was instrumental in its decision. We must, therefore, reverse and remand to allow the trial court to decide whether it should exercise its discretion to take judicial notice of the typical fees charged in this jurisdiction in cases such as this one.

On remand, the trial court may also wish to clarify certain ambiguous findings of fact. We have already noted the confusion related to the court's finding regarding the sufficiency of plaintiff's means to defray the costs of this litigation. In addition, with respect to the additional requirement that defendant have the ability to pay plaintiff's attorney's fees, the trial court found that "[p]laintiff's counsel asserted that the defendant had offered testimony bearing upon this issue when his motion to modify custody was heard in January 2009" and that "[t]here was no evidence offered by defendant regarding what changes, if any, have occurred regarding defendant's income and expenses since the January 2009 hearing." The trial court, however, never actually made a finding that defendant has the ability to pay plaintiff's attorney's fees. While such a finding would not be necessary if the trial court again declines to grant plaintiff's motion for attorney's fees, the trial court must resolve this issue if it concludes that plaintiff is entitled to fees.

Reversed and remanded.

Judges CALABRIA and STEPHENS concur.