DAVIS, Judge, concurring in part and dissenting in part.
I concur in the result reached by the majority in granting summary judgment in favor of Plaintiffs. I respectfully dissent, however, from the portion of the majority's opinion vacating the trial court's award of attorneys' fees.
The majority holds that the trial court's findings regarding the attorneys' fees award were unsupported by competent evidence because Plaintiffs' affidavit in support of their motion for fees did not expressly contain a statement with respect to "comparable rates in the field of practice." In my view, the trial court's findings show that it exercised its authority to take judicial notice of facts relevant to that issue, which it was permitted to do. Finding of Fact No. 14 stated as follows:
*936 14. The Court is aware of the range of hourly rates charged by law firms in Wake County as well as in North Carolina for litigation of business contracts like this. The Court finds that the hourly rates billed to Plaintiffs as set forth in Counsel's affidavit are fair and reasonable and conform to or are less than hourly rates charged in and around North Carolina and specifically in Wake County by firms and attorneys with comparable experience in matters of comparable complexity.
This Court has previously upheld an award of attorneys' fees pursuant to which the trial court took judicial notice of customary hourly rates. In Simpson v. Simpson , 209 N.C. App. 320, 703 S.E.2d 890 (2011), we held that "a district court, considering a motion for attorneys' fees ..., is permitted, although not required, to take judicial notice of the customary hourly rates of local attorneys performing the same services and having the same experience." Simpson , 209 N.C. App. at 328, 703 S.E.2d at 895. Although Simpson involved the award of fees in connection with a child custody modification issue, I am unable to discern any valid reason why a trial court should not be permitted to similarly invoke the judicial notice doctrine in connection with an award of attorneys' fees under N.C. Gen. Stat. § 6-21.6.
I believe the findings contained in the trial court's order with regard to the award of attorneys' fees were sufficient to satisfy N.C. Gen. Stat. § 6-21.6. Accordingly, I dissent.